IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINA EASLEY,** : | CIVIL ACTION |
| **Plaintiff,** : | |
| : | NO. 02-CV4702 |
| v. : | |
| : | |
| **U.S. BANK NATIONAL** : | |
| **ASSOCIATION, Trustee, et al.,** : | |
| : | |
| **Defendants.** : | |

## ORDER

**AND NOW**, this _____ day of _____, 2002, upon consideration of Defendants U.S. Bank National Association, Trustee and EquiCredit Corporation's Motion to Dismiss Count II of the Complaint and any response thereto, **IT IS HEREBY**

**ORDERED** and **DECREED** that said Motion is **GRANTED** and that Count II of the Complaint is **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINA EASLEY,** | CIVIL ACTION |
| **Plaintiff,** | |
| v. | NO. 02-CV4702 |
| **U.S. BANK NATIONAL ASSOCIATION, Trustee, et al.,** | |
| **Defendants.** | |

### DEFENDANTS U.S. BANK NATIONAL ASSOCIATION, TRUSTEE AND EQUICREDIT CORPORATION'S MOTION TO DISMISS COUNT II OF THE COMPLAINT

Defendants U.S. Bank National Association, Trustee and EquiCredit Corporation, (collectively "Defendants"), by their undersigned counsel, Reed Smith LLP, hereby move this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss Count II of the Complaint of Plaintiff Regina Easley. The reasons in support of this Motion are set forth in the accompanying Memorandum of Law, which is incorporated herein by reference.

Respectfully submitted,

_____
Marilyn Heffley
Identification No. 42904
Barbara Kiely
Identification No. 88832
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
(215) 851-8100

Counsel for Defendants
U.S. Bank National Association, Trustee and EquiCredit Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **REGINA EASLEY,** | CIVIL ACTION |
| **Plaintiff,** | |
| | NO. 02-CV4702 |
| v. | |
| **U.S. BANK NATIONAL ASSOCIATION, Trustee, et al.,** | |
| **Defendants.** | |

### DEFENDANTS U.S. BANK NATIONAL ASSOCIATION, TRUSTEE AND EQUICREDIT CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS COUNT II OF THE COMPLAINT

**I. INTRODUCTION**

Defendants U.S. Bank National Association, Trustee and EquiCredit Corporation (collectively, "Defendants"), by and through their undersigned counsel, Reed Smith LLP, respectfully request that this Court grant their Motion to Dismiss Count II of the Complaint of Plaintiff Regina Easley ("Plaintiff") for the reasons more fully set forth herein.

**II. BACKGROUND**

This action arises out of a mortgage loan transaction entered into between Plaintiff and EquiCredit Corporation ("EquiCredit") on December 3, 1998. See copy of Note attached hereto as Exhibit "A." U.S. Bank National Association is the Trustee of this loan by virtue of a loan securitization agreement with EquiCredit.

In Count II of the Complaint, Plaintiff asserts a claim against Defendants under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §2601 et seq. Specifically,

Plaintiff maintains that the loan transaction involved impermissible broker fees and contained an impermissible broker "kickback." See Compl. ¶¶ 27, 29. In order to assert a claim under RESPA, however, it must be brought within one year from the date of the occurrence of the violation. 12 U.S.C §2614. As set forth below, any alleged disclosure violations committed by EquiCredit occurred on or before December 3, 1998, the date of the loan closing. Plaintiff did not file her Complaint until January 9, 2002, more than three years following the date of the loan transaction. Consequently, Plaintiff's claim under RESPA is time-barred and should be dismissed with prejudice. Accordingly, Defendants respectfully request that this Court grant their Motion to Dismiss Count II of the Complaint.

### III.  ARGUMENT

In deciding a Motion to Dismiss under Rule 12(b)(6), the Court may consider the factual allegations in the Complaint, exhibits attached to the Complaint, matters of public record and undisputedly authentic documents submitted by a defendant relating to the plaintiff's claims. Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); accord City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998). The Court need not "credit a complaint's 'bald assertions' or 'legal conclusions.'" In re Burlington Coat Factory Sec. Litg., 114 F.3d 1410, 1429-30 (3d Cir. 1997).

#### A.  Plaintiff's Claim Under RESPA Is Time-Barred

In Count II of her Complaint, Plaintiff seeks to hold Defendants liable under RESPA. The one-year statute of limitations contained in 12 U.S.C. §2614, however, bars Plaintiff's RESPA claim in this matter. In order to maintain an action under §2607 of RESPA, 12 U.S.C. §2607, it is crystal clear that the action must be brought within one year from the date of the occurrence of the violation. 12 U.S.C. §2614.

The loan at issue closed on or about December 3, 1998. Plaintiff had one year from that date (or no later than December 3, 1999) in which to assert a RESPA violation under

2

§2607. Plaintiff, however, did not file suit until January 9, 2002, well beyond the one-year statute of limitations. Accordingly, the one-year statute of limitations has run, and Plaintiff's claim under RESPA in Count II of the Complaint must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Defendants U.S. Bank National Association, Trustee and EquiCredit Corporation respectfully request that this Court grant their Motion to Dismiss Count II of Plaintiff's Complaint.

Respectfully submitted,

_____
Marilyn Heffley
Identification No. 42904
Barbara Kiely
Identification No. 88832
**REED SMITH LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
(215) 851-8100

Counsel for Defendants
U.S. Bank National Association, Trustee and
EquiCredit Corporation

Dated:  July 22, 2002

## CERTIFICATE OF SERVICE

The undersigned counsel for Defendants U.S. Bank National Association, Trustee and EquiCredit Corporation hereby certifies that on July 22, 2002, she caused to be served the foregoing Motion to Dismiss Count II of the Complaint and the accompanying Memorandum of Law, by first class mail, prepaid postage, upon the following counsel of record:

>Dawn T. Williams
>Philadelphia Legal Assistance
>1424 Chestnut Street
>Philadelphia, PA 19102
>
>(Counsel for Plaintiff)

By:_____
       Barbara Kiely